## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| VIRGIL B. JONES, | : Case No. 2:22-cv-3574 |
| Plaintiff, | : |
| vs. | : District Judge James L. Graham |
|  | : Magistrate Judge Elizabeth P. Deavers |
| ERIC GILBERT, | : **REPORT AND** |
| Defendant. | : **RECOMMENDATION** |

Plaintiff, a prisoner at the Marion Correctional Institution, has filed a pro se civil rights complaint in this Court against defendant Eric Gilbert. By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

A. **Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

   B. **Allegations in the Complaint**

Plaintiff brings this action against defendant Eric Gilbert, a postmaster with the United States Postal Service in Columbus, Ohio. (Doc. 1 at PageID 1). Plaintiff alleges that on April 4, 2022 he attempted to mail a letter to Scott J. Drexel at the Office of Disciplinary Counsel, but the letter was returned to him, marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (*Id.* at PageID 1-2). Plaintiff claims that failure to mail the letter as addressed amounted to breach of duty, breach of promise, and breach of contract. (*Id.* at PageID 4). He further claims

that defendant's alleged failure to deliver his letter caused him anxiety, pain, suffering, and emotional distress.

As relief, plaintiff seeks monetary damages.[2] (*Id.*).

**C. Analysis**

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

To the extent plaintiff seeks to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, both plaintiff and defendant are citizens of Ohio. (*See* Doc. 1 at PageID 1). The complaint does not allege that the citizenship of plaintiff and defendant are diverse. 28 U.S.C. § 1332(1). Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

---

[2] In the body of the complaint, plaintiff asserts that he is entitled to release from prison. (*See* Doc. 1 at PageID 3). However, to the extent that plaintiff seeks release from custody, the proper mechanism for petitioner to challenge his present physical custody is a petition for a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Accordingly, to the extent that plaintiff seeks relief in the form of his release from custody, his sole remedy is a petition for a writ of habeas corpus after exhausting his state court remedies.

In addition, the Court is without federal question jurisdiction over the complaint. District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

Even if the complaint is liberally construed as asserting a violation of plaintiff's civil rights, the complaint nevertheless fails to state a claim for relief. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 389 (1971), the Supreme Court held that a plaintiff could bring a cause of action against a federal agent "acting under color of his authority" for damages due to the agent's unconstitutional actions. To state a claim for relief under *Bivens*, plaintiff must allege facts showing defendants acted under color of federal authority and personally deprived plaintiff of his constitutional rights. *Mueller v. Gallina,* 137 F. App'x. 847, 850 (6th Cir. 2005) (citing *Browning v. Clinton,* 292 F.3d 235, 250 (D.C. Cir. 2002); *Gossmeyer v. McDonald,* 128 F.3d 481, 495 (7th Cir. 1997)).

To the extent that plaintiff may contend that defendant Gilbert violated his First Amendment right to access the courts, his claim should be dismissed. As an initial matter, plaintiff has not alleged that defendant Gilbert had any personal involvement in the return of his mail and seeks to hold him responsible for the actions of his staff. (*See* Doc. 1 at PageID 2). However, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-

5

official defendant, through the official's own individual actions, has violated the Constitution."); *Kim v. Fed. Way Post Office* Postmaster, 356 F. App'x 1, 2 (9th Cir. 2009) ("Respondeat superior is inapplicable in a *Bivens* action.").

In any event, plaintiff's allegations are insufficient to state an actionable First Amendment claim.  In order to do so, plaintiff must plead and demonstrate that the challenged conduct has hindered or is presently hindering, his efforts to pursue a nonfrivolous legal claim.  *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline."  *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).  In addition, when bringing a denial of access to the courts claim, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  "[T]he predicate claim (must) be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."  *Id.*  In other words, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action."  *Hadix v. Johnson*, 182 F.3d 400, 405-406 (6th Cir. 1999) (citing *Lewis*, 518 U.S. at 353 & n. 3).

Plaintiff fails to allege any facts showing that he suffered an actual injury in any nonfrivolous legal proceeding as a result of his letter being returned to him on one occasion. Plaintiff has not alleged that he is unable to file a grievance with the Office of Disciplinary Counsel; nor has he alleged any facts to suggest that defendant's conduct impacted a nonfrivolous cause of action.  Without such allegations, plaintiff fails to state a claim for relief for a denial of access to the courts under the First Amendment.  *See*, e.g.*, Barrow v. Moore*, Case No. C-06-383,

2006 WL 3317047, at *3-4 (S.D. Tex. Nov. 13, 2006) (dismissing First Amendment access to the courts claim after finding that the plaintiff failed to allege that any individual federal postal worker violated his right to access the courts or demonstrate that his having pieces of mail returned to him prejudiced his position as a litigant in any non-frivolous proceeding). Accordingly, plaintiff has failed to state an actionable First Amendment claim.

Finally, insofar as plaintiff is alleging claims under Ohio law, the Court should decline to exercise supplemental jurisdiction over those claims. *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy

7

of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: October 17, 2022      s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
United States Magistrate Judge