IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Virgil B. Jones**,

      Plaintiff,

v.

**Eric Gilbert**,

      Defendant.

Case No: 2:22-cv-3574

Judge Graham

Magistrate Judge Deavers

## OPINION AND ORDER

    Plaintiff, a state prisoner, filed a *pro se* civil rights complaint against Defendant Eric Gilbert. (ECF No. 1.) Additionally, Plaintiff filed a Motion to Proceed without Prepayment of Fees (*id*.) which was granted by the Magistrate Judge. (ECF No. 2.) This matter is before the Court on the Magistrate Judge's October 17, 2022 Report and Recommendation (ECF No. 4) recommending this Court dismiss Plaintiff's claim with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff submitted timely objections to the Report and Recommendation (ECF No. 5) and filed a Motion for a Jury Trial. (ECF No. 6.) For the following reasons, the objections are overruled and the Report and Recommendation (ECF No. 4) is adopted. Plaintiff's Motion for a Jury Trial (ECF No. 6) is denied as moot.

    The Prison Litigation Reform Act provides guidance to federal courts accepting *pro se* prisoner cases. Under the Act, a court may allow a prisoner to proceed *in forma pauperis* and waive the fees associated with filing a civil action in federal court. 18 U.S.C. § 1915(a)(1). The Act instructs the court to *sua sponte* review legal claims brought *in forma pauperis* by federal prisoners, and the court must dismiss a case if the action fails to state a claim on which relief can be granted. 18 U.S.C. § 1915(e)(2)(B)(ii).

    Plaintiff brings a claim in federal court against Eric Gilbert, Postmaster of the United States Postal Service in Columbus, Ohio. Plaintiff alleges he mailed a letter to the Office of Disciplinary Counsel of the Supreme Court of Ohio and the letter was returned to him. He alleges a breach of duty, breach of promise, and breach of contract against Defendant based on his allegations that the mail was improperly returned.

In her Report and Recommendation, the Magistrate Judge concluded that Plaintiff's complaint should be dismissed because Plaintiff has failed to bring forward a claim upon which relief can be granted. In particular, the Magistrate Judge recommended that the claims be dismissed because the claim lacks diversity jurisdiction and Defendant personally did not commit any alleged constitutional violation. The Magistrate Judge concluded that even if the Defendant was the actor, Plaintiff fails to allege the elements of a First Amendment access to the courts claim including his failure to successfully allege that Defendant's conduct hindered his pursuit of a non-frivolous legal claim.

When there are objections to the Magistrate Judge's Report and Recommendation on a dispositive matter, the District Judge conducts a *de novo* review of the portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). The District Judge may accept, reject, or modify the recommended disposition or recommit the matter to the Magistrate Judge with instructions. *Id.*

The Plaintiff objects to the Report and Recommendation on the grounds that this Court has subject matter jurisdiction because Defendant is a federal employee. Plaintiff does not object to the Magistrate Judge's findings that the Plaintiff has failed to successfully allege facts to support diversity jurisdiction. Plaintiff does not object to the findings that Plaintiff has not properly alleged a federal civil rights claim, including a *Bivens* claim, or a First Amendment access the courts claim. Additionally, Plaintiff does not object to the Magistrate Judge's findings that the Court should not exercise supplemental jurisdiction over the state law claims.

While a federal government official can be sued, "[n]ot all actions of a government official are, simply by virtue of the official government's employ, accomplished under the color of [federal] law." *Mueller v. Gallina*, 137 F. App'x 847, 850 (6th Cir. 2005) (internal quotations and citations omitted). Even if a defendant's status as a government employee is an element to the cause of action, the plaintiff must allege more facts to sufficiently plead any claim. Primarily, the governmental official must be the one who, under color of authority, personally deprived plaintiff of their constitutional rights. (ECF No. 4 at PAGEID 30, quoting *Mueller v. Gallina*, 137 F. App'x at 850.)

Here, Plaintiff asserts that "Plaintiff's Complaint is against a federal agency and or federal employees which automatically invokes wholly subject matter jurisdiction upon this Court." (ECF No. 5 at PAGEID 41.) Plaintiff's alternate theory for subject matter jurisdiction misstates the law,

and his claim fails because he does not sufficiently allege other elements necessary to the claim. How Plaintiff's claims fail for this reason are sufficiently detailed in the Magistrate Judge's Report and Recommendation. Briefly, the claim fails because Defendant was not the actor who allegedly violated Plaintiff's constitutional rights, the actors involved in the alleged conduct are unnamed postal employees. (ECF No. 1 at PAGEID 2.) The Defendant is not liable for the actions of the postal employees, regardless of their constitutionality. (ECF No. 4 at PAGEID 30.) Additionally, as the Magistrate Judge explained in the Report and Recommendation, Plaintiff failed to sufficiently allege that there was a constitutional violation. (*Id*. at PAGEID 30-32.)

For the reasons stated above, the Court overrules the Plaintiff's objections (ECF No. 5) and adopts the Magistrate Judge's Report and Recommendation (ECF No. 4) dismissing Plaintiff's complaint. (ECF No. 1.) Plaintiff's Motion for a Jury Trial (ECF No. 6) is denied as moot.

**IT IS SO ORDERED.**

DATE: May 18, 2023

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge